446 S.E.2d 506

**Jeffrey J. DYKE, Plaintiff Below, Appellant,**

v.

**CITY OF PARKERSBURG, a Municipal Corporation, Defendant Below, Appellee.**

**No. 21871.**

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1994.

Decided June 16, 1994.

Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, for appellant.

Robert Fluharty, C. Blaine Myers, Parkersburg, for appellee.

BROTHERTON, Chief Justice:

This case relates to an appeal by Jeffrey Dyke, the plaintiff below, from the February 4, 1993, order of the Circuit Court of Wood County, West Virginia, granting the City of Parkersburg's motion to dismiss.

The appellant, Jeffrey Dyke, was a police officer in Parkersburg, West Virginia. On October 12, 1989, he was indicted for sexual assault based on the complaint of a woman who alleged that he forced her to have oral sex with him in the back seat of his police cruiser while he was on active duty. On September 9, 1991, Mr. Dyke was found not guilty of the charge by a Wood County jury in *State v. Dyke*, Case No. 88–F–115.

The appellant contends that the City of Parkersburg has traditionally provided officers with legal assistance or reimbursed them for defending themselves against criminal allegations arising out of the scope of their employment. He contends that reimbursement was based traditionally on either dismissal of charges against the officer or a not guilty verdict. Thus, after the not guilty

verdict, he requested that the City of Parkersburg reimburse him for the expenses associated with his defense. The City of Parkersburg refused, claiming that no such policy existed.

On October 18, 1991, Mr. Dyke filed a complaint asking that the City of Parkersburg be forced to pay his legal fees in the amount of $10,500.00. On March 13, 1992, the City of Parkersburg filed a motion to dismiss based upon Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. On November 9, 1992, the Wood County Circuit Court granted the motion to dismiss. It is from the February 4, 1993, final order that the appellant files this appeal.

The appellant argues that he stated a claim sufficient to override a Rule 12(b)(6) motion. The City of Parkersburg contends, and the Circuit Court of Wood County agreed, that the appellant failed to state any claim because he provided no evidence of the alleged policy on the part of the City of Parkersburg to reimburse officers. The City of Parkersburg argues that, first, the Governmental Tort Claims and Insurance Reform Act, W.Va.Code § 29–12A–1 *et seq.* (1992), does not provide for payment or reimbursement of attorneys' fees in criminal proceedings. Second, the City states that even if the provision would arguably extend to providing a defense in criminal proceedings, the act in this particular case could not have been in "good faith" and would be "manifestly outside the scope of ... employment." The circuit court agreed, finding that "[w]ith

regard to the particular case at issue, the charge of sexual assault could *never* be considered to be caused by an act in the performance of any legitimate public duty."

The City of Parkersburg claims that the obligations of the municipality are governed by the Governmental Tort Claims and Insurance Reform Act.[1] West Virginia Code § 29–12A–11(a)(1) provides that:

> Except as otherwise provided in this section, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities.

West Virginia Code § 29–12A–5(b) sets forth when a public employee would be immune from liability:[2]

> An employee of a political subdivision is immune from liability unless one of the following applies:
>
> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
>
> (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
>
> (3) Liability is expressly imposed upon the employee by a provision of this code.[3]

---

1. In *Randall v. Fairmont City Police Department*, 186 W.Va. 336, 412 S.E.2d 737 (1991), the Court upheld the constitutionality of the Governmental Tort Claims and Insurance Reform Act. The Court stated that in order to successfully challenge legislation upon a constitutional basis, the challenger "must establish that no set of circumstances exist under which the legislation would be valid; the fact that the legislation might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.*, 412 S.E.2d at 746.

2. West Virginia Code § 29–12A–2 sets forth the legislative intent in the creation of this statute:

   The Legislature finds and declares that the political subdivisions of this state are unable to procure adequate liability insurance coverage at a reasonable cost due to: The high cost in defending such claims, the risk of liability be-

yond the affordable coverage, and the inability of political subdivisions to raise sufficient revenues for the procurement of such coverage without reducing the quantity and quality of traditional governmental services. Therefore, it is necessary to establish certain immunities and limitations with regard to the liability of political subdivisions and their employees, to regulate the insurance industry providing liability insurance to them, and thereby permit such political subdivisions to provide necessary and needed governmental services to its citizens within the limits of their available revenues.

3. The appellant also argues that W.Va.Code § 29–12A–11 is unconstitutional because it treats law enforcement officers differently from other public employees by not covering charges arising from criminal actions. This claim is meritless,

■ The language in the Tort and Insurance Reform Act is unambiguous: It is clear that this Act affects only civil suits against the public employee. In the case now before us, we agree that the circuit court properly held that the Tort Claims and Insurance Reform Act did not apply in a criminal case such as this one claiming sexual assault.

However, Mr. Dyke's allegations raise certain issues that concern this Court. For public employees such as police officers, the chance that a disgruntled citizen might raise false allegations in retaliation for some official action is a very real possibility. The fact that the charge was based upon a criminal statute rather than a civil one does not change the fact that it might be based upon the police officer's actions while performing his job. Further, in the past, some public officials have been reimbursed for their attorneys' fees after a not guilty verdict. *State ex rel. Chafin v. Mingo County Commission,* 189 W.Va. 680, 434 S.E.2d 40 (1993).

■ In *Powers v. Goodwin,* 170 W.Va. 151, 291 S.E.2d 466 (1982), we discussed the issue of whether a public employee or official was entitled to the indemnification of attorneys' fees in criminal cases. After noting that many states deal with this issue by statute, we noted that "many reported cases have asserted the general rule that a government official cannot be indemnified for attorneys' fees arising from a criminal prosecution." *Id.,* 291 S.E.2d at 473. However, we then stated that:

> [W]e can envisage situations where a criminal prosecution does, indeed, arise directly from the good faith discharge of official duties....
>
> While the number of criminal prosecutions emanating directly from the discharge of official duties is small, they are not necessarily nonexistent. In this regard, we can at least envisage prosecutions against police officers for the use of excessive force and proceedings in criminal contempt against local officials who are accused of failing to follow either state or federal court orders. It would appear, of

course, that conviction of a common law or statutory crime is conclusive proof that the official was not acting in good faith and was outside the scope of his official duties.

*Id.* at 473–74. The Court concluded that:

> The rules governing whether a public official is entitled to indemnification for attorneys' fees are the same in both the civil and criminal context. In order to justify indemnification from public funds the underlying action must arise from the discharge of an official duty in which the government has an interest; the officer must have acted in good faith; and the agency seeking to indemnify the officer must have either the express or implied power to do so.

*Id.* at syl. pt. 3.

■ In *Powers,* we held that a public employee's attorneys' fees may be reimbursed in a criminal case if certain criteria are met. In this case, the appellant would be entitled to indemnification if the sexual assault charge developed from a discharge of his official duty, if the officer acted in good faith, and if the city has the authority to indemnify the employee. We hesitate to hold that a not guilty verdict automatically means that the above criteria are met. We can imagine many different situations which would not be related to the employee's official duties, but would still result in a not guilty verdict. For example, the woman who charged Officer Dyke might well have known him, and became angry with him, from a venue quite apart from the back seat of the police cruiser. Although it may not have been sexual assault, it also may not have had anything to do with his job. We do not suggest that this is what happened—in fact, we have so little of the record available to us that we know nothing more than the basic facts. Rather, we point out that because there are several different, yet equally possible, scenarios, a not guilty verdict does not automatically mean that the employee should be reimbursed. Thus, a not guilty verdict in a criminal case is not conclusive evidence

because the act does not provide for coverage in criminal actions to any public employee, let

alone a law enforcement officer.

that the public employee has fulfilled all the criteria listed in *Powers*. Rather, the verdict should be considered along with the other evidence. On the other hand, a guilty verdict is almost always conclusive evidence that the criminal act was not related to his employment.

We next turn to the issue of who should determine whether the public official's attorneys' fees should be reimbursed. In *Powers*, we noted the problems inherent in a public subdivision determining whether to indemnify itself for attorneys' fees. The Court concluded that, in questionable cases, an advance determination can be sought through an Attorney General's opinion or a mandamus proceeding against the appropriate official. *Id.* at 475. In this case, we believe that some of those problems discussed in *Powers* could be avoided by using the Police Civil Service Commission[4] as an appropriate forum to determine whether the situation met the requirements listed in syllabus point 3 of *Powers*.

■■ Consequently, in a case involving a police officer charged with a criminal act that the officer claims arose out of his employment, a hearing should be held before the Police Civil Service Commission to determine whether 1) the criminal charge arose out of the discharge of the police officer's official duty in which the government had an interest; and 2) the police officer acted in good faith. Generally, if the officer is found guilty of the criminal charge, no reimbursement of attorneys' fees would occur. However, if a not guilty verdict is reached, then the Police Civil Service Commission should meet to determine whether the criminal charge arose out of the discharge of the officer's official duties and whether he acted in good faith. If so, then the attorneys' fees should be reimbursed, within certain limits set by the City.[5]

Accordingly, we reverse the February 4, 1993 order of the Circuit Court of Wood County and remand this case for a hearing to be held before the Police Civil Service Com-

mission for a determination of whether the officer's attorneys' fees should be reimbursed. The police officer has the right to appeal that ruling to the circuit court.

Reversed and remanded.

4. *See* W.Va.Code § 8-14-6 *et seq.* (1990).

5. *See State .ex rel. Chafin v. Mingo County Commission*, 189 W.Va. 680, 434 S.E.2d 40 (1993), in which the county argued that Chafin's attorneys' fees were not reasonable. The bill was eventual-

ly reduced to what the Commission felt was reasonable. The Commission, however, did not argue that they were not liable for the indemnification.